O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. STEVENS,<br><br>        Plaintiff,<br><br>  v.<br><br>TRONA RAILWAY COMPANY,<br><br>        Defendants. | Case No. EDCV 08-1766-VAP (OPx)<br><br>**[Motion filed on January 16, 2009]**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant's Motion for to Dismiss came before the Court for hearing on February 9, 2009. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion, with leave to amend the Complaint.

### I. BACKGROUND

**A. Allegations in Plaintiff's Complaint**

Searles Valley Minerals employed Plaintiff Thomas W. Stevens ("Plaintiff") as a trainman. (See Compl. at ¶ 5.) Defendant Trona Railway ("Defendant") also employed Plaintiff as a "joint employee, borrowed employee, or

1 subservant of a company, Searles Valley Minerals, that
2 was in turn a servant of Trona Railway."  (Id.)

4     On December 4, 2006, Plaintiff was working for
5 Defendant on top of a railroad car, called a "hopper
6 car."  (Id. at ¶ 7.)  Plaintiff attempted to lift the
7 heavy metal lid off the top of the hopper car, but a
8 metal bar located across the lid flew backwards and
9 struck Plaintiff, injuring him severely.  (Id. at ¶ 8.)

11    Defendant's failure to maintain the running boards on
12 the lid of the hopper car as required by law caused
13 Plaintiff's injuries.  (Id. at ¶ 10.)

15 **B.   Procedural History**
16    Plaintiff filed this action on December 3, 2008,
17 alleging the following claims: (1) Negligence per se
18 under the Federal Employers' Liability Act ("FELA"), 45
19 U.S.C. §§ 51, et seq. and the Federal Appliance Safety
20 Act ("FASA"), 49 U.S.C. § 20301; (2) Negligence under
21 FELA; (3) Negligence [under California law]; and (4)
22 Products liability.

24    On January 16, 2009, Defendant filed a Motion to
25 Dismiss Plaintiff's Complaint ("Motion") and a Request
26 for Judicial Notice, with attached exhibits.  On January

26, 2009, Plaintiff filed Opposition to Defendant's Motion.  On February 2, 2009, Defendant filed a Reply.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007).  In addition, the Court must accept all material allegations in the complaint - as well as any reasonable inferences to be drawn from them - as true.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted).

1  Rather, the allegations in the complaint "must be enough
2  to raise a right to relief above the speculative level."
3  Id. at 1965.

5  Although the scope of review is limited to the
6  contents of the complaint, the Court may also consider
7  exhibits submitted with the complaint, Hal Roach Studios,
8  Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19
9  (9th Cir. 1990), and "take judicial notice of matters of
10 public record outside the pleadings," Mir v. Little Co.
11 of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).[1]

### III. DISCUSSION

Defendant moves for dismissal of Plaintiff's claims seeking relief under FELA, the only basis for federal jurisdiction in this case. "[A] covered railroad is liable for negligently causing the injury or death of any person while he is employed by the railroad[, under FELA]." Kelley v. Southern Pac. Co., 419 U.S. 318, 319

---

[1] Defendant requests the Court take judicial notice of various versions of Plaintiff's "State of California, Workers' Compensation Appeals Board" application for adjudication of claim ("workers' compensation applications") and Plaintiff's "Petition for Benefits Under Labor Code Sections 123(A)," filed on April 15, 2008, attached as Exhibits A through E to Defendant's Request for Judicial Notice. The Court grants Defendant's request. See Fed. R. Evid. 201. Defendant, however, failed to redact Plaintiff's Social Security Number on Exhibits A through D; the Court directs the Clerk of Court to strike the document and orders Defendant to re-file a redacted version.

(1974). Defendant argues Plaintiff has already received compensation for his injuries from his employer Searles Valley Minerals and thus has waived his right to seek the same relief from Defendant, or should be estopped judicially from doing so; Defendant also argues Plaintiff pleads an insufficient factual basis for his claim that he is a "dual employee" under FELA. Alternatively, Defendant argues, should the Court not dismiss Plaintiff's FELA claims, then it should dismiss Plaintiff's state law claims, because relief under FELA provides Plaintiff's exclusive remedy.

In opposition, Plaintiff argues: (1) he sufficiently pleads that he is a dual employee, who thus can seek recovery both from Searles Valley Minerals in a workers' compensation proceeding, as well as Defendant in this case; and (2) under Federal Rule of Civil Procedure 8(d), Plaintiff can plead inconsistent legal theories in the alternative, thus permitting him to put forward state law claims as well as claims for violation of FELA, even though he can only recover on either his FELA claims or state law claims.

Plaintiff is correct on the latter point. He may plead both his FELA claims and his state law claims, although they are inconsistent legal theories. See Fed.

R. Civ. Proc. 8(d) (in his complaint, a plaintiff may plead inconsistent legal theories in the alternative).

Furthermore, Plaintiff may bring a FELA claim against Defendant, even though Plaintiff already has recovered under a workers' compensation claim from his other employer.  In <u>Kelley</u>, 419 U.S. at 321, an employee of a trucking company was injured while unloading a railroad car owned by the defendant railroad; the employee sought workers' compensation benefits from the trucking company and, subsequently, brought a lawsuit under FELA to recover for his injuries from the railroad company. Although the Supreme Court did not explicitly address whether or not the plaintiff was barred from seeking recovery under FELA after already having recovered against his other employer, it remanded the case to the lower court for further consideration of the legal standard under FELA.  <u>Id.</u> at 322; <u>see also</u> <u>DeShong v. Seaboard Coast Line R.R. Co.</u>, 737 F.2d 1520, 1523 (11th Cir. 1984) (finding judicial estoppel improper because it was not inconsistent to seek recovery from a railroad employer after recovery of workers' compensation benefits from a non-railroad employer, under FELA's dual employee concept discussed in <u>Kelley</u>).[2]  Although there is no

---

[2] Defendant relies heavily on <u>Barrera v. Roscoe, Snyder & Pac. Ry.</u>, 385 F. Supp. 455 (N.D. Tex. 1973), *aff'd. mem.*, 503 F.2d 1058 (5th Cir. 1974), for the proposition that once an employee has sought workers' (continued...)

binding precedent in the Ninth Circuit on this question, the Court is most persuaded by the reasoning of the <u>DeShong</u> court and thus adopts its conclusion that, under <u>Kelley</u>, a plaintiff may recover based on a FELA dual employee theory from a railroad, even though he has

---

  [2](...continued)
compensation benefits from one employer, he is estopped from subsequently recovering under FELA from a railroad employer. Defendant's reliance on <u>Barrera</u> is misplaced; <u>Barerra</u> concerned an employee who did not assert the railroad was his employer, did not claim the railroad's negligence caused his damage, but did claim the railroad was the alter ego of his other employer to support his FELA claim. Those facts distinguish <u>Barrera</u> from this case, where Plaintiff alleges Defendant was his employer under a theory of dual employment described in <u>Kelley</u> and did cause him harm. Furthermore, as discussed in <u>DeShong</u>, <u>Barrera</u> was decided before <u>Kelley</u> and its decision on estoppel grounds was an alternative conclusion that could be viewed as dictum. <u>DeShong</u>, 737 F.2d at 1523-24. The Court declines to follow <u>Barrera</u>, which is not binding precedent on this Court in any event.

  Defendant also relies on <u>Thate v. Texas & Pac. Ry. Co.</u>, 595 S.W.2d 591, 595-596 (Tex. Civ. App. 1980) for the proposition that an employee is estopped from pursuing a FELA claim against a railroad employer after already receiving workers' compensation benefits from another employer. As Plaintiff argues, <u>Thate</u> relies exclusively on <u>Barrera</u> for its estoppel holding. As the Court declines to follow <u>Barrera</u>, it also declines to follow <u>Thate</u>, which is not binding on this Court in any event.

  Finally, Defendant relies on <u>South Buffalo R.R. v. Ahern</u>, 344 U.S. 367 (1953) for the proposition that an employee can waive its rights under FELA if he receives workers' compensation benefits. (<u>See</u> Mot. at 1.) Defendant's characterization of this holding is not accurate; the <u>Ahern</u> Court held that an employer who induces an employee into forfeiting his FELA rights may be estopped from objecting to the workers' compensation system's jurisdiction over the employee's claim. 344 U.S. at 372-73. <u>Ahern</u> does not discuss an employee's waiver of FELA rights and does not address an issue of dual employment under FELA. Accordingly, <u>Ahern</u> does not apply here.

1  recovered workers' compensation payments previously from
2  another non-railroad employer.  See DeShong, 737 F.2d at
3  1523; see also Vanskike v. ACF Indus., Inc., 665 F.2d
4  188, 200 n.9 (8th Cir. 1981) (when employee received
5  workers' compensation benefits from railroad subsidiary
6  and then sued the railroad under FELA, the court found
7  "mere receipt of compensation benefits from one party
8  does not preclude suit against another party"); Nichols
9  v. Pabtex, Inc., 151 F. Supp. 2d 772, 785-787 (E.D. Tex.
10 2001) (recovery of workers' compensation benefits did not
11 preclude employee from recovering against employer under
12 FELA); Smoot v. New York Susquehana & Western Ry. Corp.,
13 707 F. Supp. 629, 631 (N.D.N.Y. 1989) (same); Bailey v.
14 Missouri-Kansas-Texas R.R., 732 S.W.2d 248, 249 n.2 (Mo.
15 Ct. App. 1987) (same).  Accordingly, here, Plaintiff is
16 not barred from bringing FELA claims against Defendant,
17 despite his previous recovery of workers' compensation
18 payments against his other non-railroad employer.
19
20      Finally, the Court finds Plaintiff's FELA claims lack
21 sufficient factual support, in contravention of Federal
22 Rule of Civil Procedure 8.  In Kelley, 419 U.S. at 324,
23 the Supreme Court required that Plaintiff allege he was
24 under the control of the railroad company in order to
25 recover damages.  There, the plaintiff had pled (1) he
26 was employed by a trucking company that was a wholly
27 owned subsidiary of the defendant railroad company,(2) he
28

worked on the railroad's property, railroad employees, including supervisory personnel, (3) he had substantial contact with plaintiff, (4) the railroad employees were responsible for the safety conditions of the railway cars, and (5) he was injured while working on one of defendant's railroad cars.  <u>Id.</u> at 325-27.  The Supreme Court found these facts insufficient to support a FELA claim that the plaintiff was under the control of two employers.  <u>Id.</u> at 325, 330.

    Here, Plaintiff likewise fails to plead sufficient facts in his Complaint to support his claim that he was a "dual employee."  Plaintiff only alleges the following: "At all times mentioned in this complaint, STEVENS was an employee of Searles Valley Minerals.  STEVENS is also informed and believes and thereupon alleges that he was an employee of TRONA RAILWAY as a joint employee, borrowed employee, or subservant of a company, Searles Valley Minerals, that was in turn the servant of TRONA RAILWAY."  (Compl. at ¶ 5.)  The plaintiff in <u>Kelley</u> pled much more detailed facts than are present here and still failed to state a claim.  Here, Plaintiff's "dual employee" claim is supported only by legal conclusions, without any factual support.  <u>See</u> <u>Bell Atlantic</u>, 127 S. Ct. at 1964-65 (a complaint must allege more than mere "labels and conclusions").  Plaintiff fails to allege facts, required to recover under FELA, that show the

9

existence of a master-servant relationship between himself and Defendant.  <u>See</u>, <u>e.g.</u>, <u>Inter-Modal Rail Employees Ass'n v. Burlington N. & Santa Fe Ry. Co.</u>, 2000 WL 61666, at *5 (9th Cir. 2000) (unpublished).

Accordingly, the Court grants Defendant's Motion as to Plaintiff's FELA claims on the basis they lack sufficient facts to state a claim that Plaintiff was a "dual employee," with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, with respect to Plaintiff's claim that he is a "dual employee," with leave to amend.  Plaintiff must file an amended Complaint no later than March 2, 2009.

Dated: February 11, 2009

　　　　　　　　　　　　　　　　　VIRGINIA A. PHILLIPS
　　　　　　　　　　　　　　　　　United States District Judge

10